## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | **CRIMINAL ACTION** | |
| | ) | **No. 10-20081-01-KHV** | |
| v. | ) | | |
| | ) | | |
| JAJUAN C. JACKSON, | ) | **CIVIL ACTION** | |
| | ) | **No. 12-2358-KHV** | |
| Defendant. | ) | | |
| _____ | ) | | |

### MEMORANDUM AND ORDER

On June 21, 2011, the Court sentenced defendant to 77 months in prison.  This matter is before the Court on defendant's <u>Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody</u> (Doc. #68) filed June 7, 2012.[1]  For reasons set forth below, the Court overrules defendant's motion.

### Factual Background

On June 17, 2010, a grand jury charged defendant with possession of a firearm by a

---

[1]     Shortly after defendant filed his Section 2255 motion, he filed a motion to dismiss it with prejudice because it was no longer in his best interest.  <u>Motion To Withdraw 28 U.S.C. 2255</u> (Doc. #73) filed July 25, 2012 at 1.  In his motion to withdraw, defendant states that he has the option of withdrawing his motion, which will not prevent him from raising a legitimate claim in a subsequent 2255 petition.  <u>See id.</u>  Because any subsequent claim would be beyond the one-year deadline to file a Section 2255 motion and in the interest of justice, the Court overrules defendant's motion to withdraw.

To the extent that defendant's motion to withdraw could be construed as one for an extension of time, the Court has no authority to extend the statutory deadline in 28 U.S.C. § 2255.  See <u>Washington v. United States</u>, 221 F.3d 1354, 2000 WL 985885, at *1-2 (10th Cir. July 18, 2000); <u>United States v. Leon</u>, 203 F.3d 162, 163-64 (2d Cir. 2000); <u>United States v. Miller</u>, No. 06-cr-20080, 2008 WL 4541418, at *1–2 (C.D. Ill. Oct. 9, 2008).  Congress has expressly limited to one year after his conviction becomes final the time in which a prisoner can bring a Section 2255 motion, and any extension of this time period contravenes the clear intent of Congress to accelerate the federal habeas process.  <u>Washington</u>, 2000 WL 985885, at *1.

convicted felon.  See Indictment (Doc. #6).  On December 14, 2010, pursuant to a plea agreement, defendant pled guilty.  The agreement recognized that defendant was subject to a sentence of not less than 15 years in prison and not more than life in prison.  See Plea Agreement (Doc. #32) ¶ 1; Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA").  The Probation Office initially determined that defendant should be classified as a career offender under the ACCA.  Before sentencing, the Probation Office revised its position and determined that defendant did not qualify as a career offender.  Based on the amended Presentence Investigation Report (Doc. #51), the Court sentenced defendant to 77 months in prison.

Steven Schweiker represented defendant during pretrial proceedings (including the change of plea hearing).  On March 15, 2011, the Court permitted Mr. Schweiker to withdraw and appointed Phillip Gibson to represent defendant at sentencing.

In his Section 2255 motion, defendant argues that (1) Mr. Schweiker was ineffective because he coerced defendant to plead guilty by telling him that he would receive a life sentence if he went to trial, and (2) Mr. Gibson was ineffective at sentencing because he did not object to the calculation of defendant's criminal history score.

**Analysis**

The standard of review of Section 2255 petitions is quite stringent.  The Court presumes that the proceedings which led to defendant's conviction were correct.  See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989).  To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice."  Davis v. United States, 417 U.S. 333, 346 (1974).

To establish ineffective assistance of counsel, defendant must show that (1) the performance of counsel was deficient and (2) a "reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). To meet the first element, i.e. counsel's deficient performance, defendant must establish that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. In other words, defendant must prove that counsel's performance was "below an objective standard of reasonableness." United States v. Walling, 982 F.2d 447, 449 (10th Cir. 1992). The Supreme Court recognizes, however, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; see United States v. Rantz, 862 F.2d 808, 810 (10th Cir. 1988), cert. denied, 489 U.S. 1089 (1989). As to the second element, the Court must focus on the question "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).

## I.    Coerced Plea

Defendant argues that Mr. Schweiker was ineffective because he "coerce[d]" him to plead guilty. See Motion To Vacate (Doc. #68) at 4. As evidence of coercion, he states that counsel told him that if he did not accept a plea and went to trial, he would receive a sentence of life in prison under the ACCA. In his written plea agreement and the plea colloquy, defendant affirmed under oath that he had discussed the plea agreement with counsel, that no one forced or threatened him to plead guilty, that no promises were made to induce him to plead guilty and that he was fully satisfied with the advice and representation of counsel. Absent a believable reason justifying departure from their apparent truth, the accuracy and truth of an accused's statements at a Rule 11 proceeding at which his plea is accepted are conclusively established. United States v. Glass, 66 Fed. Appx. 808, 810 (10th Cir. June 3, 2003); United States v. Jones, 124 F.3d 218, 1997 WL 580493, at *1 (10th

Cir. Sept. 19, 1997); United States v. Bambulas, 571 F.2d 525, 526 (10th Cir. 1978).  Defendant's conclusory statement that counsel coerced him to plead guilty is insufficient to establish that counsel's performance was deficient.  Even if counsel had coerced defendant to plead guilty, defendant has not shown a reasonable probability that but for counsel's alleged conduct, the results of the plea proceeding would have been different, i.e. that he would not have agreed to plead guilty. See United States v. Young, 206 Fed. Appx. 779, 785 (10th Cir. 2006); Rantz, 862 F.2d at 810–11. After the Probation Office determined that defendant did not qualify as a career offender under the ACCA, defendant asked to withdraw his motion to vacate his plea.[2]  Accordingly, he cannot show any prejudice based on prior counsel's alleged coercion to enter a plea.

---

[2]        Defense counsel set forth defendant's position as follows:

> After careful, in-person consultation with counsel, Defendant JaJuan Jackson (hereinafter "Jackson") asks that he be permitted to withdraw his motion to withdraw his guilty plea.  He asks that the Court treat it as moot.  The reason for his decision to drop this motion is that he agrees with the conclusions of the Presentence Investigation Report (PSR) regarding his offense level and criminal history.  He withdraws his objections to those issues in the preliminary PSR because of the Government's response and his agreement with the Government's response.  (He asks the Court to recall that prior to the filing of the Government's response, the question of whether he could be sentenced to a minimum of 15 years in prison on this offense was very much alive.)  But because he agrees with the Government's analysis and its revised position on his criminal history status, he also believes that it would be unlikely for the Court to issue a sentence outside that guideline range (as modified by any downward departure requested by the Government pursuant to U.S.S.G. § 5K1.2).  Therefore, Jackson believes that the outcome of these proceedings is likely to be the same whether he enters into a plea agreement with the Government that waives his rights to appeal on all issues, or whether he entered into a conditional plea permitting him to appeal on the specific sentencing issues referred to in his motion.  For those reasons, Jackson asks this Court to overrule his motion to withdraw his plea as moot and proceed to sentencing during the hearing scheduled for June 21, 2011.

Memorandum Regarding Defendant's Motion To Withdraw Guilty Plea (Doc. #60) filed June 16, 2011 at 1-2.

In sum, defendant has not alleged or shown a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis, 417 U.S. at 346.  The Court therefore overrules his first claim for relief.

## II.     Objection To Criminal History Score

Defendant argues that Mr. Gibson was ineffective because at sentencing, he did not properly object to the calculation of his criminal history score.  Defendant has not alleged sufficient facts to establish that counsel's performance was deficient or prejudicial.  Defendant first maintains that his 1997 conviction for attempted forgery (Wyandotte County, Kansas Case No. 97CR283A) should not have been counted because it occurred more than ten years before the instant offense.  As explained in the government's response, because defendant's sentence on Case No. 97CR283A did not expire until February 4, 2003, the case was properly scored under U.S.S.G. § 4A1.1(b).  See Government's Response To Defendant's Motion To Vacate, Set Aside Or Correct Sentence By A Person In Federal Custody Pursuant To 28 U.S.C. 2255 And Motion For Enforcement Of The Plea Agreement (Doc. #74) filed September 4, 2012 at 5.  Defendant also argues that his sentences for criminal discharge of a firearm (Wyandotte County, Kansas Case No. 95CR485) and attempted aggravated battery and possession of cocaine (Wyandotte County, Kansas Case No. 97CR1931) should have counted as a single sentence for purposes of calculating his criminal history score.  The Guidelines provide that "[p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)."  U.S.S.G. § 4A1.2(a)(2).  Because the offenses in 95CR485 and 97CR1931 were separated by an intervening arrest, they were properly considered as separate offenses in calculating defendant's criminal history score.  Finally, defendant

argues that because the sentences in Wyandotte County Case Nos. 03CR1607A and 04CR1511 ran concurrently, they constitute only one sentence under Section 4A1.1.  Again, because the sentences were separated by an intervening arrest, they constitute separate sentences for purposes of calculating defendant's criminal history score.  The Court therefore overrules defendant's second claim for relief.

### Conclusion

The files and records in this case conclusively show that defendant is not entitled to relief. Moreover, defendant does not allege specific and particularized facts which, if true, would entitle him to relief.  Accordingly, no evidentiary hearing is required.  See 28 U.S.C. § 2255; United States v. Kilpatrick, 124 F.3d 218, 1997 WL 537866, at *3 (10th Cir. Sept. 2, 1997) (allegations of ineffective assistance must be specific and particularized; conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where factual matters raised by Section 2255 petition may be resolved on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by record).

### Certificate Of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).[3]  To satisfy this standard, the movant must demonstrate

---

[3]       The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability.  See Fed. R. App. P. 22(b)(1); 28 U.S.C.
(continued...)

that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court denies a certificate of appealability.

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #68) filed June 7, 2012 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's Motion To Withdraw 28 U.S.C. 2255 (Doc. #73) filed July 25, 2012 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Government's Response To Defendant's Motion To Vacate, Set Aside Or Correct Sentence By A Person In Federal Custody Pursuant To 28 U.S.C. 2255 And Motion For Enforcement Of The Plea Agreement (Doc. #75) filed September 4, 2012 be and hereby is **OVERRULED** as moot.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** as to the Court's ruling on defendant's motion under 28 U.S.C. § 2255.

Dated this 31st day of October, 2012 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[3](...continued)
§ 2253(c)(1).